UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GARY LEE ROBINSON,

    Petitioner,                                        CASE NUMBER: 05-CV-10005-BC

v.

                                                 DISTRICT JUDGE DAVID M. LAWSON

CARMEN PALMER,                          MAGISTRATE JUDGE CHARLES BINDER

    Respondent.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**ON PETITION FOR WRIT OF HABEAS CORPUS**

**I.    RECOMMENDATION**

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED.**

**II.    REPORT**

    **A.**    **Introduction**

Pending, pursuant to an order of reference issued November 28, 2005, by U.S. District Judge David M. Lawson (Dkt.16), is the instant petition filed January 7, 2005. (Dkt.1.) The petition raises several claims challenging Petitioner's 2002 state court convictions. Respondent filed a response to the petition on July 14, 2005 (Dkt.48), and the Rule 5 materials were received on July 15, 2005. (Dkts. 6-14.) Petitioner filed a reply to the Respondent's Response on July 28, 2005. (Dkt. 15.) Pursuant to E.D. Mich. LR 7.1(e)(2), the petition is ready for Report and Recommendation without oral argument.

**B.     Factual Background and Procedural History**

Petitioner Gary Robinson is a Michigan state prisoner currently confined at the Deerfield Correctional Facility in Ionia, Michigan. Petitioner was charged with possession with intent to deliver cocaine less than fifty grams in violation of M.C.L. 333.7401(2)(a)(iv).[1] Petitioner's *nolo contendere* plea to this offense was accepted by the Genesee County Circuit Court on May 16, 2002. (Rule 5 Mat., 5/16/2002 Plea Tr.) Petitioner's attorney stated that the reason for the *nolo contendere* plea, rather than a plea of guilty, was because the offense "occurred during a period of time when Mr. Robinson was using quite a bit of drugs and alcohol, and he just has an inability to remember the essential facts at this time." (*Id*. at 10.)

During the plea proceedings, the circuit judge reiterated that "lack of an independent recollection is a sufficient basis for the Court to entertain Mr. Robinson's no contest plea, and I will entertain his no contest plea on that basis." (*Id*. at 17.) Petitioner, through counsel, stipulated to using the police report and laboratory report to supply the factual basis needed to accept the plea. (*Id.*) The circuit judge assured that Petitioner understood that the no contest plea was the equivalent of a guilty plea for all intents and purposes. (*Id.* at 16.) The circuit judge also expressly stated that Petitioner's "lack of independent recollection is a sufficient basis for the court to entertain Mr. Robinson's no contest plea, and I will entertain his no contest plea on that basis." (*Id*. at 17.) During the plea, the circuit judge also assured that Petitioner recognized all the rights he would be giving up by entering the no contest plea, such as the right to be represented by counsel at public expense at all stages of the proceedings, including trial, the right to jury trial, the right to be presumed innocent until proven guilty beyond a reasonable doubt, the right to confront

---

[1] Petitioner was also charged with Home Invasion in the second degree to which he pleaded guilty on May 16, 2002. (Rule 5 Mat., Plea Tr. at 11-16.)

2

the witnesses against him and to have the court order the witnesses for the defense to appear at trial, the right to testify in his own behalf, and the right to remain silent. (*Id.* at 4-5.) Petitioner indicated that he was satisfied with his attorney's representation. (*Id.* at 4.) On May 29, 2002, Petitioner was sentenced to serve 23 months to 20 years on the cocaine conviction.[2]

On November 22, 2002, Petitioner filed, through counsel, an application for leave to appeal to the Michigan Court of Appeals along with a statement of reasons for delay, raising the following claim:

> I. WHETHER THE TRIAL COURT DENIED DEFENDANT THE RIGHT TO MEANINGFUL ALLOCUTION BY FAILING TO ASCERTAIN EVIDENCE OF THE CAUSES OF DEFENDANT'S CRIMINAL CHARACTER OR CONDUCT?

(Rule 5 Mat., Appellant's Br. In Supp. of Application, Mich. Court of Appeals at iv.) On December 9, 2002, Petitioner filed, through counsel, a supplemental application for leave to appeal pursuant to Administrative Order 1981-7, Standard 11, raising the following claims:

> I  WHETHER THE WAIVER WAS KNOWINGLY, VOLUNTARILY, OR INTELLIGENTLY MADE?
>
> II. WHETHER DEFENDANT'S PRESENTENCE INVESTIGATION REPORT IS INACCURATE AND VIOLATES DUE PROCESS OF LAW?

The Court of Appeals for the State of Michigan denied the application "for lack of merit in the grounds presented." (Rule 5 Mat., Mich. Court of Appeals' Order entered January 13, 2003.) Petitioner applied for delayed leave to appeal to the Michigan Supreme Court raising the following grounds:

> I. WHETHER THE WAIVER WAS KNOWINGLY, VOLUNTARY [SIC], OR INTELLIGENTLY MADE?

---

[2] Petitioner was sentenced to serve 2 years to 15 years on the Home Invasion in the second degree conviction which is not a part of the instant petition.

3

> II. WHETHER DEFENDANT'S PRESENTENCE INVESTIGATION REPORT IS INACCURATE AND VIOLATES DUE PROCESS?
>
> III. NEW GROUND: WHETHER THE SIXTH AMENDMENT OF THE MICHIGAN AND U.S. CONSTITUTION REQUIRE COUNSEL FOR ANY FELONY PROSECUTION?

(Rule 5 Mat., Def.'s Mem. of Law in Supp. of Application for Leave to Appeal to the Mich. Supreme Court at 4-6.)  The Michigan Supreme Court denied leave "because [the court was] not persuaded that the questions presented should be reviewed by this Court."  (Rule 5 Mat., Mich. Supreme Court Order entered May 30, 2003.)  Petitioner also filed motions for reconsideration or relief from judgment and to correct presentence report, all of which were denied.[3]  (Rule 5 Mat., State Trial Court Order entered 9/9/2003.)

Petitioner then filed an application for leave to appeal to the Michigan Court of Appeals based on the denials of his reconsideration and relief from judgment motions raising the following issues:

> I. WHETHER TRIAL COURT WAS IN ERROR AND VIOLATED DUE PROCESS BY EXCEPTING [SIC] DEFENDANTS [SIC] NOLO CONTENDERE PLEA WITHOUT STATING BASIS OR REASONS WHY.
>
> II. WHETHER DEFENDANT'S TRIAL/APPELLATE COUNSELS [SIC] FAILURE TO RAISE ISSUES PRESENTED BY DEFENDANT WOULD DEMONSTRATE CAUSE FOR A SHOWING OF CAUSE AND PREJUDICE.

On May 5, 2004, the Michigan Court of Appeals denied leave for the above claims "for lack of merit in the grounds presented." (Rule 5 Mat., Order of the Mich. Court of Appeals, May 5, 2004).

---

[3] Petitioner cannot file any further motions for relief from judgment in the state trial court.  MCR 6.502(G)(1)(allowing defendants to file only one motion for relief from judgment and requiring court to return any subsequent filings).  The state trial court returned a subsequent filing of Petitioner's on October 14, 2003.

4

The instant Petition for Writ of Habeas Corpus followed, raising the following grounds for relief:

   I.   DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL

   II.  DENIAL OF EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

   III. NOLO CONTENDERE PLEA ACCEPTED BY ERRONEOUS TRIAL COURT PROCEDURE

Respondent contends that the petition should be denied because grounds I, II, and III are procedurally defaulted due to failure to present the claims in state court, and ground III is also not cognizable since it presents only a matter of state law and does not involve any federal constitutional claim.

   **C.   Law and Analysis**

   **1.   Exhaustion of State Remedies: Habeas Claims I, II, and III**

"It has been settled since *Ex parte Royall*, 117 U.S. 241, 6 S. Ct. 734, 29 L. Ed. 868 (1886), that a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971). The exhaustion doctrine requires that a prisoner "fairly present" the substance of each federal constitutional claim to the state courts using citations to the United States Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns. *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") codified the exhaustion requirement stating that a writ of habeas corpus "shall not be granted unless it appears

5

that . . . the applicant has exhausted the remedies available in the courts of the State. . . ." 28 U.S.C. § 2254(b)(1)(A).

State prisoners in Michigan must raise each claim in the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Dombkowski v. Johnson*, 488 F.2d 68, 70 (6th Cir. 1973).

Petitioner's federal claim must be the "substantial equivalent" of the claim presented to the state court. *Picard*, 404 U.S. at 278; *see also Coleman v. Thompson*, 501 U.S. 722, 752-53, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991). If petitioner has failed to raise the very issue he raises in a federal habeas petition, his claim is procedurally barred. The sole exception to this requirement exists where a habeas petitioner can show a sufficient probability that failure to review will result in a "fundamental miscarriage of justice." *Edwards v. Carpenter*, 529 U.S. 446, 451, 120 S. Ct. 1587, 146 L. Ed. 2d 518 (2000).

In the instant case, Petitioner contends that he was denied effective assistance of counsel although he failed to present this claim to the state courts. Although Petitioner mentioned that his counsel failed to raise issues that would satisfy the "cause" requirement for a new trial motion (on his second application for leave to appeal), this was not a claim that counsel was ineffective under the Sixth Amendment. Therefore, Petitioner has not presented the substance of the ineffective assistance claim nor has he raised the claim in the Michigan Court of Appeals and Michigan Supreme Court. *Levine, supra; Dombkowski, supra*.

Although Petitioner has argued there were problems with the plea taking procedure at the Court of Appeals, the specific grounds have varied. In his first application for leave to appeal, Petitioner asserted he was not able to allocute in a meaningful way; in his delayed application, he argued the waiver was not made knowing and voluntarily; and after denial of his motion for new

trial, he contended the trial court failed to state the reasons why the no contest plea was accepted. In the instant petition, the claim is that the police reports were unclear and contained contradictory information. Petitioner has raised inconsistent grounds in the state court and has raised a new ground here. Petitioner has not given this Court the "substantial equivalent" of the claims presented in state court, and therefore, I therefore suggest that he has failed to exhaust state remedies. *Picard*, *supra*; *Coleman*, *supra*.

I further suggest that no miscarriage of justice has occurred here that would justify an exception from the failure to exhaust state remedies' requirement. *Edwards*, *supra*. Accordingly, I suggest that Petitioner has not exhausted state remedies and is not entitled to habeas relief.

### 2.    Habeas Claim III - No Federal Constitutional Question Presented

In addition to failing to exhaust state remedies, Petitioner's claim that the state trial court used an erroneous procedure in taking his no contest plea does not present a federal constitutional question that can be remedied by this Court. Even if Petitioner had alluded to a constitutional error, the procedure followed by the state trial court was constitutionally sound and stipulated to by Petitioner. (Rule 5 Mat., 5/16/2002 Plea Tr.)  I suggest that Petitioner's habeas claim III may be denied on this ground as well.

### III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981). The parties

are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *See Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                                                                                 s/ *Charles E Binder*
                                                                                                              CHARLES E. BINDER
Dated: April 5, 2006                                           United States Magistrate Judge

**CERTIFICATION**

     I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Brenda E. Turner, and served in the traditional manner on Gary Robinson and Honorable David M. Lawson.

Dated: April 5, 2006                                           By       s/Mary E. Dobbick
                                                                                     Secretary to Magistrate Judge Binder